# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 25, 2022

Lyle W. Cayce
Clerk

No. 21-50515
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RICARDO HERNANDEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-505

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Ricardo Hernandez appeals his 27-month, within-guidelines range sentence for transporting illegal aliens for financial gain. He contends that the district court committed reversible plain error by applying an enhancement for intentionally or recklessly creating a substantial risk of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50515

death or serious bodily injury to another person. *See* U.S.S.G. § 2L1.1(b)(6); *United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011). We agree.

The operative facts—Hernandez's carrying three passengers over his sport utility vehicle's rated capacity, some of whom were stacked unrestrained in the nonpassenger area of the vehicle—do not, without more, suffice to show that the risk of harm to the aliens was "greater than that of an ordinary passenger not wearing a seatbelt in a moving vehicle." *United States v. Zuniga-Amezquita*, 468 F.3d 886, 890 (5th Cir. 2006). The record does not reflect any aggravating factors, such as evidence that the aliens would have been unable to exit the vehicle quickly or were in greater danger in the event of an accident. *See id.* at 889; *cf. United States v. Rodriguez*, 630 F.3d 377, 379-83 (5th Cir. 2011). In the absence of aggravating factors, merely carrying unrestrained passengers in the cargo area of a sport utility vehicle does not justify a § 2L1.1(b)(6) enhancement. *Rodriguez*, 630 F.3d at 382.

Accordingly, the district court erred by applying § 2L1.1(b)(6) to calculate Hernandez's sentence. And in light of our published decisions in *Rodriguez*, *Zuniga-Amezquita*, and *United States v. Solis-Garcia*, 420 F.3d 511, 512-16 (5th Cir. 2005), we conclude that the error was clear or obvious. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). The error also affected Hernandez's substantial rights. *See id.* It exposed him to a higher guidelines range, and the record is silent as to what the district court might have done had it considered the correct range, such that there is a reasonable probability of a different sentencing outcome absent the error. *See Molina-Martinez v. United States*, 578 U.S. 189, 198, 201 (2016).

Finally, "[i]n the ordinary case . . . the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1911 (2018). Here, the

sentencing error was "clear and reasonably likely to have resulted in a longer prison sentence than necessary," and the record reveals no "countervailing factors that otherwise further the fairness, integrity, or public reputation of judicial proceedings." *United States v. Urbina-Fuentes*, 900 F.3d 687, 698 (5th Cir. 2018) (internal quotation marks and citations omitted). Because there is nothing to suggest this is not the ordinary case, we will exercise our discretion to correct the error. *See Puckett*, 556 U.S. at 135.

For the foregoing reasons, we VACATE and REMAND the case to the district court for resentencing.